IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02600-MJW-MEH

RICK R. COBELLO, et al.,

Plaintiffs,

v.

JOE PELLE, et al.,

Defendants.

---

**ORDER REGARDING
DEFENDANTS' MOTION TO STRIKE EXHIBIT NO. 6 AND OTHER INADMISSABLE
EVIDENCE FILED WITH PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (DOCKET NO. 61)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion to Strike Exhibit No. 6 and Other Inadmissible Evidence Filed with Plaintiffs' Response to Defendants' Motion for Summary Judgment (docket no. 61). The court has reviewed the motion and the response (docket no. 65) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In this case, Plaintiffs were given until July 20, 2007, to designate their expert witnesses. Plaintiffs timely designated William J. Crout as their only expert witness

pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiffs did not designate Margaret Severson as an expert witness. Plaintiffs now seek to offer the NIC Report (Exhibit No. 6) in opposition to Defendants' Motion for Summary Judgment (docket no. 35). The court finds that the contents of the NIC Report reflects the views of Margaret Severson but does not reflect the views or policies of the National Institute of Corrections. See Exhibit A, Disclaimer attached to response (docket no. 65). The contents of Ms. Severson's NIC Report is in the form of an expert opinion under Federal Rule of Evidence 702. Ms. Severson was never designated as an expert witness pursuant to Fed. R. Civ. P. 26(a)(2). Accordingly, Ms. Severson's NIC Report cannot be used by Plaintiffs to satisfy their burden under Fed. R. Civ. P. 56(e). See Bryant v. Farmers Ins. Exchange, 432 F.3d 1114, 1122 (10th Cir. 2005) (expert opinion testimony may not be considered unless affiant has been designated as an expert for trial).

The court further finds that any evidence of subsequent remedial measures after December 31, 2004, should be stricken pursuant to Federal Rule of Evidence 407. This evidence shall include installation of vent covers in all cells at the Boulder County Jail, evidence of additional training, evidence of funding for additional mental health services, and any evidence of a request for technical assistance from the National Institute of Corrections. See Hickman v. GEM Ins. Co., 299 F.3d 1208, 1214 (10th Cir. 2002).

Lastly, the court finds that evidence of Angela Blazon's March 27, 2002, suicide should also be stricken. In reviewing a portion of the deposition of Plaintiffs' expert witness, Mr. Crout, it is clear that Mr. Crout had not read the report on the Angela

Blazon suicide, and he did not know any of the details. See Mr. Crout's deposition 208:17-23, October 24, 2007, attached as Exhibit B to the Defendants' response. The law in the Tenth Circuit states that only admissible evidence will be considered when ruling a motion for summary judgment. Gross v. Burggraf Const. Co., 53 F.3d 1531, 1541 (10th Cir. 1995). The evidence concerning the Angela Blazon suicide is irrelevant, and even if such evidence has some probative value, the probative value is substantially outweighed by unfair prejudice pursuant to Federal Rules of Evidence 403.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Strike Exhibit No. 6 and Other Inadmissible Evidence Filed with Plaintiffs' Response to Defendants' Motion for Summary Judgment (docket no. 61) is **GRANTED**;

2. That the NIC Report (Exhibit No. 6) which is, in essence, the Margaret Severson's Report is stricken and will not be considered by this court in its decision on the Defendants' Motion for Summary Judgment (docket no. 35);

3. That all evidence of subsequent remedial measures after December 31, 2004, is stricken pursuant to Federal Rule of Evidence 407. This evidence shall include installation of vent

        covers in all cells at the Boulder County Jail, evidence of additional training, evidence of funding for additional mental health services, and any evidence of a request for technical assistance from the National Institute of Corrections; and,

4. That all evidence concerning the March 27, 2002, suicide of Angela Blazon is stricken.

Done this 12th day of February 2008.

                              BY THE COURT

                              s/ Michael J. Watanabe
                              MICHAEL J. WATANABE
                              U.S. MAGISTRATE JUDGE